# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM WINDSOR,

    Petitioner,

v.                                                 CASE NO. 8:08-CV-1709-T-30TBM
                                                      CRIM. CASE NO. 8:07-CR-1-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 4). After reviewing the Petitioner's amended motion, Respondent's response, Petitioner's reply to Respondent's response, and the prior proceedings in the underlying criminal case,[1] the Court concludes that this amended motion should be denied without an evidentiary hearing because it plainly appears from the face of the record that Petitioner is entitled to no relief.

## Background

Petitioner pled guilty to wire fraud and money laundering, and on May 21, 2002, the United States District Court for the Southern District of California sentenced Petitioner to 48 months imprisonment followed by 5 years of supervised release (CV Dkt. 11-2). On

---

[1] See case number 8:07-cr-1-T-30TBM.

December 21, 2006, jurisdiction of Petitioner's supervised release was transferred to this Court (CV Dkt. 11-3).

On August 23, 2007, this Court found Petitioner had violated the terms of his supervised release,[2] revoked his supervised release, and sentenced Petitioner to 30 months imprisonment followed by 30 months supervised release (CR Dkts. 29-30). Petitioner did not file a direct appeal of the revocation of his supervised release or his sentence.

Petitioner filed his original § 2255 motion on September 2, 2008 (CV Dkt. 1). Subsequently, he filed the instant amended motion alleging that: 1) the Court erred when it failed to personally address the Petitioner prior to sentencing in violation of Fed. R. Crim. P. 32(c)(3)(C); 2) the Court erred due to its findings not being supported by a preponderance of the evidence standard as required by 18 U.S.C. § 3583(e); 3) the Court never made clear what grade of violation Petitioner committed pursuant to policy statement 7B1.1(b) and 7B1.4; and 4) the Court failed, in calculating Petitioner's sentence, to make a reasonable estimate of the alleged loss (CV Dkt. 4).

Respondent filed a response on February 13, 2009 (CV Dkt. 11). Petitioner filed a reply to Respondent's response on March 9, 2009 (CV Dkt. 12).

---

[2] Petitioner admitted guilt to violation of one of the terms of his supervision (See CR Dkt. 30 at pg. 1).

## Discussion

### I. Petitioner's claims are procedurally barred.

A claim is generally procedurally defaulted if it is not raised on direct appeal unless the Petitioner can show cause for the failure to raise it and actual prejudice. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152 (1982)). Here, Petitioner failed to file a direct appeal. Further, he has not made any showing of cause and prejudice, and there is no evidence establishing that he is actually innocent. Consequently, Petitioner's claims are procedurally barred from habeas review.

### II. Petitioner's claims do not present cognizable questions for review under 28 U.S.C. § 2255.

Even if Petitioner's claims were not procedurally barred, they do not merit habeas relief. 28 U.S.C. § 2255 provides that a federal prisoner's sentence may be reviewed for the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States, (2) the court was without jurisdiction to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Petitioner asserts in his amended motion that this Court made procedural errors and misapplied the sentencing guidelines. He has not raised a constitutional or jurisdictional claim. Further, Petitioner does not allege or demonstrate that his current sentence is a fundamental miscarriage of justice. His claims, therefore, are not cognizable on habeas review.[3]

### III. Arguments and claims raised in Petitioner's reply.

The Court does not find that Petitioner's arguments in the reply are persuasive. Furthermore, the Court has not considered any new claims raised in the reply that Petitioner did not raise in the original or amended motion to vacate, and to which the Respondent did not have an opportunity to respond.[4] The Eleventh Circuit Court of Appeals stated in *Herring v. Secretary, Dept. of Corrections,* 397 F.3d 1338 (11th Cir. 2005):

> arguments raised for the first time in a reply brief are not properly before a reviewing court. *United States v. Coy*, 19 F.3d 629, 632 n. 7 (11th Cir.1994) (citation omitted); *see also United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir.2002) (Court need not address issue raised for first time in reply brief), *cert. denied* , 539 U.S. 951 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir.1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n. 6 (11th Cir.1996) (declining to consider arguments raised for the first time in a reply brief).

*Id.* at 1342. *See also* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 2(c)(2008)("The petition *must*...specify *all* the grounds for relief available to the

---

[3] In any event, even if Petitioner's claims were cognizable, he would not be entitled to relief, on the merits of his claims, for the reasons set forth in Respondent's response.

[4] In his reply (Dkt. 12), Petitioner raises, for the first time, several claims of ineffective assistance of counsel (Id. at pgs. 6-12), a claim of judicial bias (Id. at pgs. 12-13), and a claim of cumulative error (Id. at pg. 13).

petitioner[.]")(emphasis added).[5]

Accordingly, the Court **ORDERS** that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 4) is **DENIED**.

2. The Clerk is to enter judgment for Respondent, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*,

---

[5]Furthermore, it appears Petitioner's new claims are untimely and do not relate back to the claims made in the original and amended § 2255 motions. Petitioner's new claims do not relate back to the initial claims merely because they relate to the same trial, conviction or sentence. The new claims are not tied to a common core of operative facts with the claims made in Petitioner's original and amended § 2255 motions. *See Mayle v. Felix*, 545 U.S. 644, 651-52, 663-64 (2005).

463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u> :
*Pro Se* Petitioner
Counsel of Record